Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5109 | **DATE** | 8/15/2001 |
| **CASE TITLE** | Tyrone J. Greer vs. David Orr | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss (Doc. 12-1) granted without prejudice. Plaintiff has leave to file his amended complaint, if any, within 21 days.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | 2 number of notices | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | | |
| ✓ | Notices mailed by judge's staff. | | | AUG 16 2001 date docketed | 30 |
| | Notified counsel by telephone. | | | | |
| | Docketing to mail notices. | | | docketing deputy initials | |
| | Mail AO 450 form. | | FILED FOR DOCKETING | 8/15/2001 date mailed notice | |
| | Copy to judge/magistrate judge. | | 01 AUG 15 PM 5: 41 | | |
| ETV | courtroom deputy's initials | | Date/time received in central Clerk's Office | ETV mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE J. GREER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID ORR, The Office of the County ) <br> Clerk of the County of Cook in the State ) <br> of Illinois, ) <br> ) <br> Defendant. ) | No. 00 C 5109 <br><br> Judge <br> Rebecca R. Pallmeyer |

## MEMORANDUM OPINION AND ORDER

Plaintiff Tyrone Greer alleges that Defendants David Orr (the Clerk of Cook County, Illinois) and the "Office of the County Clerk of the County of Cook in the State of Illinois" (hereinafter, the "Clerk's Office") deprived Plaintiff of his due process rights under the Fourteenth Amendment to the United States Constitution when they sold his delinquent taxes at a tax sale without first providing Plaintiff with notice of his tax liability or the impending sale. Defendant Orr, in his official capacity, has moved to dismiss. For the reasons stated below, Defendant Orr's motion is granted without prejudice.

## FACTUAL BACKGROUND

On August 2, 1994, Plaintiff purchased from the City of Chicago property located at 7200 South Euclid Avenue, Chicago, Illinois. Soon thereafter, Plaintiff began construction of a home on such property; the construction was completed in April

1996.[1] It appears that Plaintiff incurred $155.82 on this property in 1994, but he claims to have never received a tax bill for this amount. On February 3, 1997, Defendants Orr and the Clerk's Office administered a tax sale at which a company by the name of "Partners" purchased Plaintiff's delinquent taxes. (Second Amended Complaint ¶¶ 3, 4.) Plaintiff claims that he did not receive prior notice of the tax sale.

At some point after May 5, 1999, Plaintiff received a "Take Notice," informing him that his delinquent taxes had been sold and that a petition had been filed for a tax deed. According to the "Take Notice," the tax deed would transfer title and the right to possession of Plaintiff's property to the tax buyer if Plaintiff failed to redeem the delinquent taxes (plus any penalties and/or interest on such taxes) on or before October 14, 1999. On June 17, 1999, Plaintiff redeemed the delinquent taxes at the cost of $1,084.[2] As far as the court can surmise, Plaintiff still owns this property.

Plaintiff filed this suit against Defendants Orr and the Clerk's Office in August 2000. The complaint does not specify whether Orr is sued in his individual capacity so the court construes this as an official capacity claim, see *Stevens v. Umsted*, 131 F.3d 697, 706 (7th Cir. 1997) ("A § 1983 complaint that fails to specify the capacity in which the defendants are being sued is ordinarily construed to be against them in their

---

[1] The court has taken this fact from Plaintiff's affidavit, filed with this court on March 8, 2001.

[2] The facts regarding the "Take Notice" and Plaintiff's redemption are taken, not from the Second Amended Complaint, but from Exhibits B and E to Plaintiff's Response to Defendant's Motion to Dismiss.

official capacity."))[3] In his Second Amended Complaint, filed with this court on December 14, 2000, Plaintiff claims that Defendants Orr and the Clerk's Office violated his due process rights under the Fourteenth Amendment to the United States Constitution in this 1997 sale because they did not follow certain procedures required under Illinois law. While Plaintiff has not explicitly stated so in his complaint, the court presumes this due process claim to be brought under 42 U.S.C. § 1983. Specifically, Plaintiff alleges that he (1) was not provided with notice that his property would be sold, a violation of 35 ILCS 200/21-135;[4] (2) was not mailed a tax bill in 1995 for his alleged $155.82 liability for the 1994 tax year, a violation of 35 ILCS 200/20-5;[5] (3) was not mailed a tax bill for $155.82 at any point after 1995, a violation of 35 ILCS

---

[3] The court recognizes its discretion to interpret a claim as against an official in his or her individual capacity if the actions of the parties, since the filing of the complaint, demonstrate that they assume this to be the case. See Stevens, 131 F.3d at 706. There is no indication, however, that the parties to this case have operated under that assumption. To the contrary, Defendant Orr has explicitly and consistently represented in court filings that he is responding in his official, and not his individual, capacity.

[4] 35 ILCS 200/21-135 states, in relevant part: "Not less than 15 days before the date of application for judgment and sale of delinquent properties, the county collector shall mail, by registered or certified mail, a notice of the forthcoming application for judgment and sale to the person shown by the current collector's warrant book to be the party in whose name the taxes were last assessed and, if applicable, to the party specified under Section 15-170."

[5] 35 ILCS 200/21-45 states, in relevant part: "Every township collector, and every county collector in cases where there is no township collector, upon receiving the tax book or books, shall prepare tax bills showing each installment of property taxes assessed, which shall be filled out in accordance with Section 20-40. A copy of the bill shall be mailed by the collector, at least 30 days prior to the date upon which unpaid taxes become delinquent, to the owner of the property taxed or to the person in whose name the property is taxed."

200/21-45;[6] and (4) was not offered the opportunity to have his tax liability for the 1994 tax year added to his tax bill for the 1995 tax year or any other subsequent tax year, a violation of 35 ILCS 200/14-40.[7] Plaintiff seeks as damages the $1,084 he paid to redeem the property, $75,000 in "mental anguish," all court costs and expenses, and attorneys' fees.

On January 29, 2001, Defendant Orr, in his official capacity, moved to dismiss Plaintiff's Second Amended Complaint. An official capacity claim against Orr is a claim against the Clerk's Office, and that entity has not filed a separate motion. In the memorandum supporting his motion, Defendant Orr presents four bases for dismissal: (1) Defendant Clerk's Office is an improper party; (2) in light of the standard for municipal liability, Plaintiff fails to state a cause of action against Defendant Orr in his official capacity; (3) Plaintiff fails to state a claim cognizable under the United

---

[6] 35 ILCS 200/21-45: "In the event no tax bill was issued as provided in Section 21-30, on any property in any previous year for any reason, one tax bill shall be prepared and mailed by July 1 of the year subsequent to the year in which no tax bill was issued, and taxes on that property for that year only shall bear interest after the first day of August of that year at the rate of 1 ½ % per month or portion thereof until paid or forfeited."

[7] 35 ILCS 200/14-40: "If the tax or assessment on property liable to taxation is prevented from being collected for any year or years, by a reason other than administrative error, the amount of the tax or assessment which should have been paid may be added to the tax on the property for any subsequent year, in columns designating the year or years. 'Administrative error' includes but is not limited to failure to include an extension for a taxing district on the tax bill, an error in the calculations of tax rates or extensions or any other mathematical error by the county clerk, or a defective coding by the county, but does not include a failure by the county to send a tax bill to the taxpayer, the failure by the taxpayer to notify the assessor of a change in the tax-exempt status of property, or any error concerning the assessment of the property."

States Constitution; and (4) Plaintiff's due process claim is barred by the Tax Injunction Act, 28 U.S.C. § 1341.

## DISCUSSION

### A. Tax Sales in Illinois

A relatively recent law review article provides useful background information concerning Illinois' tax sale procedures. *See* Nina H. Tamburro, *The Illinois Property Tax System: An Overview*, 10 LOY. CONSUMER L. REV. 186 (1998). As more fully described in that article, the Illinois Property Tax Code authorizes the county collector, at any time after property taxes become delinquent, to file an application for judgment, requesting a judicial order sanctioning the sale of all delinquent taxes. 35 ILCS 200/21-150. The collector must mail a notice of delinquency to all affected taxpayers at least fifteen days before the application date. 35 ILCS 200/21-135. Until the date of the tax sale, a taxpayer may pay the delinquent taxes plus accrued interest and penalties. 35 ILCS 200/21-165.

Once the application for judgment and sale has been granted by the court, the county collector is to offer the property at the annual tax sale. 35 ILCS 200/21-190. Tax buyers bid for properties based upon the percentage of penalty/interest they are willing to accept on the delinquent taxes; the highest percentage a tax buyer may bid is 18%. 35 ILCS 200/21-215. When the delinquent taxes are sold, the county clerk issues a certificate of purchase to the tax buyer. 35 ILCS 200/21-250. The tax buyer must then petition the circuit court for an order directing the county clerk to issue him or her a tax deed to the property. 35 ILCS 200/22-30.

The sale of delinquent taxes does not effectuate a transfer of title, however. *See Phoenix Bond & Indem. Co. v. Pappas*, 194 Ill. 2d 99, 101, 741 N.E.2d 248, 249 (2000) (citing In re *Petition of Conrad Gacki Profit Sharing Fund for Tax Deeds*, 261 Ill. App. 3d 982, 984, 634 N.E.2d 1281 (1994)). An owner of residential property that contains no more than six units maintains, for two years and six months, the right to redeem his or her delinquent taxes. 35 ILCS 200/21-345, 200/21-350. In order to redeem such taxes, the owner must pay the full amount of outstanding taxes, the tax buyer's costs related to purchasing the taxes, and penalties and interest on the taxes. 35 ILCS 200/21-355. If the owner does not redeem the taxes within the redemption period, and the tax buyer complies with the Code, the court will issue a tax deed to the tax buyer. This tax deed transfers title to the property to the tax buyer, and, consequently, the original owner loses all rights to the property.

With that description behind it, the court turns to Defendant Orr's motion to dismiss.

**B.   Standard of Review**

Upon a motion to dismiss, the court must accept the well-pleaded allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). In applying this standard, the court construes Plaintiff's pro se complaint liberally. *See McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000) ("It is the well-settled law of this circuit that pro se complaints are to be liberally construed and not held to the stringent

standards expected of pleadings drafted by lawyers."). Liberally construed, Plaintiff's complaint alleges that Defendants Orr and the Clerk's Office violated Plaintiff's constitutional right to procedural due process when, without adequate notice, they administered a sale of Plaintiff's delinquent taxes.

In response, Defendant first argues (on behalf of the Clerk's Office) that the Clerk's Office is not a suable entity because, according to Illinois law, it does not have a legal existence separate from that of Cook County. *See Wright v. Board of County Comm'rs of Cook County,* 99 C 1998, 1999 WL 1249313, *3 (N.D. Ill. Dec. 17, 1999) ("A government entity's capacity to be sued in federal court is governed by Illinois state law.") (citing Fed. R. Civ. P. 17(b)). The court disagrees. In *DeGenova v. Sheriff of DuPage County,* 209 F.3d 973 (7th Cir. 2000), the Seventh Circuit determined that the DuPage County Sheriff's Department was a suable entity because "according to Illinois law, the Sheriff is an independently-elected constitutional officer." *Id.,* at 977 n.2. (citing ILL. CONST. ART. VII, § 4(c); *Ryan v. County of DuPage,* 45 F.3d 1090, 1092 (7th Cir. 1995)). Although the court has found no case directly on point, it appears from Article VII, Section 4(c) of the Illinois Constitution that the Clerk's Office is a suable entity for the same reason. *See* ILL. CONST. ART. VII, § 4(c) ("Each county shall elect a sheriff, county clerk and treasurer . . . .").

Next, Defendant Orr contends that Plaintiff has failed to sufficiently plead the standard for municipal liability. Defendant Orr is correct to point out that a suit against a municipal officer, such as Orr, in his or her official capacity is construed as

-7-

a suit against the municipal entity (the municipal entity here being the Clerk's Office). *See DeGuiseppe v. Village of Bellwood*, 68 F.3d 187, 189-90 (7th Cir. 1995). In order to survive a motion to dismiss a municipal liability claim, a plaintiff must sufficiently allege that the defendant was acting pursuant to a custom or policy of the Clerk's Office. *See Garrison v. Burke*, 165 F.3d 565, 571 (7th Cir. 1999) (citing *Monell v. Department of Soc. Serv. of City of New York*, 436 U.S. 658, 690-94 (1978)). "Policy" or "custom" can take one of three forms: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a "custom or usage" with the force of law; or (3) an allegation that the constitutional injury was caused by a person with "final policymaking authority." *Garrison*, 165 F.3d at 571-72 (citing *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 734-35 (7th Cir. 1994)).

Here, Plaintiff does not allege an express policy or widespread practice of failing to notify property owners of their tax liability or of administering a sale of their delinquent taxes without prior notice. Nevertheless, liberally construed, Plaintiff's complaint does allege that Defendant Orr, as County Clerk, caused Plaintiff's constitutional injury by selling his delinquent taxes without providing him with proper notice. The court deems it unlikely that Mr. Orr himself participated in the tax sale, but will accept this allegation as true for purposes of this motion. *See Stachon*, 229 F.3d at 675. The court can only assume that, as County Clerk, Defendant Orr possessed final authority over the policies of the Clerk's Office. The court therefore

concludes for purposes of this motion that Plaintiff's allegations are sufficient to state a municipal liability claim.

Defendant Orr's third response is that Plaintiff has not stated a constitutionally cognizable due process claim. While Defendant Orr does not develop this argument in his memorandum of law, the court agrees that, as a matter of law, Plaintiff has not stated a § 1983 claim. In order to state such a claim, a plaintiff must allege that the defendant deprived him of a right secured by the Constitution or laws of the United States, and acted under color of state law. *See Brokaw v. Mercer County*, 235 F.3d 1000, 1009 (7th Cir. 2000). This can be done in the tax sale context when a plaintiff alleges that a certain state statute or municipal policy does not provide "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rosewell v. Chicago Title & Trust Co.*, 99 Ill. 2d 407, 411, 459 N.E.2d 966, 968 (1984) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)). *See, e.g., Mennonite Bd. of Missions v. Adams*, 462 U.S. 791 (1983) (holding that an Indiana statute that did not provide for notice by mail or personal service to mortgagees of property that was to be sold for nonpayment of taxes violated the mortgagees' due process rights under the Fourteenth Amendment); *McBain v. Hamilton County*, 744 N.E.2d 984 (Ind. Ct. App. 2001) (concluding that a county policy of failing to forward a returned notice of a tax sale to a taxpayer's new address violated the Due Process clause of the Fourteenth Amendment). Allegations of mere negligence,

on the other hand, do not give rise to a cause of action under § 1983. *See Peña v. Leombruni*, 200 F.3d 1031, 1033 (7th Cir. 1999); *see also Payne for Hicks v. Churchich*, 161 F.3d 1030, 1042 (7th Cir. 1998) ("Because liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process, the alleged behavior of Deputy Papa does not rise to the level of deliberate indifference and thus cannot support a constitutional claim under § 1983.") (internal quotation omitted).

In this case, even construed liberally, Plaintiff's complaint does not challenge an unconstitutional policy; indeed the Clerk's Office policy (at least, as set forth in the statutory provisions noted above) does require notice before a tax sale. Instead, Plaintiff's complaint merely alleges that someone, perhaps Defendant Orr himself, but more likely someone else within the Clerk's Office, neglected to send Plaintiff notice of his tax liability or prior notice of the February 1997 tax sale. If true, this would constitute a violation of the procedures set forth in the Illinois Property Tax Code. The appropriate vehicle to challenge such alleged neglect might be an action in state court. *Cf. Fleury v. Clayton*, 847 F.2d 1229, 1231 (7th Cir. 1988) ("If Illinois did not furnish Fleury the process its statutes require before imposing professional discipline, this is a matter of state rather than federal law."). No relief is available in a federal action under § 1983, however. Accordingly, the court grants Defendant's motion, but does so without prejudice. If Plaintiff can, consistent with Rule 11, allege a policy or practice on the part of the Clerk's Office of failing to provide taxpayers with notice of impending tax sales, he will have leave to file such an amended pleading.

Because it finds Defendant Orr's third response persuasive, the court will not

reach the issue of whether Plaintiff's claim is barred by the Tax Injunction Act.

## CONCLUSION

For the foregoing reasons, the court grants Defendant's motion to dismiss (Doc. 12-1) without prejudice. Plaintiff has leave to file his amended complaint, if any, within 21 days.

ENTER:

Dated: August 15, 2001

REBECCA R. PALLMEYER
United States District Judge